Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
_____ DIVISION

NERI URBINA and LEONILA URBINA,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.                                                    Case No. _____

FREEDOM MORTGAGE CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Neri Urbina and Leonila Urbina, on behalf of themselves and all others similarly situated, allege breach of contract and violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") against Freedom Mortgage Corporation ("Defendant" or "FMC").

1.  Borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by phone or online ("Pay-to-Pay fees"). Federal and state debt collection laws strictly prohibit these charges unless expressly agreed to by the borrower, but these Pay-to-Pay fees are found nowhere in any standard deed of trust. Here, FMC charges borrowers between $10.00–15.00 for making their mortgage payments online or over the phone. On information and belief, the vast majority of that fee is pure profit for FMC.

2. FMC services mortgages across the country and must know the terms of the standard loan agreements it services, none of which expressly allow Pay-to-Pay fees as a type of service fee that FMC can charge.

3. Further, the Urbinas' mortgage is guaranteed by the Federal Housing Administration ("FHA"). The FHA rules and regulations, which are incorporated by reference into FHA-insured mortgages, prohibit all FHA-approved servicers, such as FMC, from charging any fee to the borrowers that is not expressly allowed. And even for fees that are expressly allowed, FHA rules permit the mortgage servicer to pass along to the borrower only its out-of-pocket costs for providing the services.

4. FMC's practice of charging and profiting from excessive Pay-to-Pay fees violates the Rosenthal Fair Debt Collection Practices Act, and therefore the California Unfair Competition Law, and breaches the provisions of every FHA-insured mortgage it services. FMC must be held accountable for assessing these excessive fees to its borrowers.

**JURISDICTION AND VENUE**

5. This Court has personal jurisdiction over FMC because it conducts business in California and commits torts in California, as described in this Complaint.

6. As alleged above, minimal diversity exists between the parties in this action. Furthermore, on information and belief, the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00.

7. FMC is one of the largest mortgage lenders in the United States and, more specifically, one of the largest originators and servicers of FHA-insured mortgages. The Classes in this lawsuit are believed to consist of hundreds of thousands of members. To date, Plaintiffs' have incurred no less than $45.00 in improper Pay-to-Pay fees. Thus, the amount in controversy

in this action, exclusive of costs and interest, exceeds the amount-in-controversy requirement of 28 U.S.C. § 1332(d).

8. Venue is proper because the cause of action accrued here.

## PARTIES

9. Plaintiffs Neri and Leonila Urbina are natural persons residing in California who have a mortgage loan that was serviced by FMC on their home located in California.

10. Defendant Freedom Mortgage Corporation is a corporation with a principal place of business in Mount Laurel, New Jersey. Defendant is one of the nation's leading mortgage lending and servicing companies.

## APPLICABLE LAW

**FDCPA**

11. The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

12. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

13. The FDCPA also prohibits debt collectors from engaging in "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

14. The FDCPA creates a private right of action under 15 U.S.C. § 1692k.

15. The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

16. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or asserted to be owed or due another." *Id.* § 1692a(6).

17. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

18. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes." *Id.* § 1692a(5).

**ROSENTHAL ACT**

19. The purpose of the Rosenthal Fair Debt Collection Practices Act, located at Cal. Civ. Code § 1788 et seq., is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts[.]" Cal. Civ. Code § 1788.1(b). The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." *See People ex rel. Lungren v. Superior Court,* 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are, generally, broadly construed in favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

20. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

21. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

22. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

23. The Rosenthal Act makes it illegal for any entity covered by its terms to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, FMC also violated the Rosenthal Act.

24. Moreover, the Rosenthal Act prohibits "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

25. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees or charges may not legally be added to the existing obligation." Cal. Civ. Code § 1788.13(e).

**FHA SERVICING RULES**

26. The Federal Housing Administration, an agency within the United States Department of Housing and Urban Development ("HUD"), "provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories."[1] The

---

[1] HUD.gov – The Federal Housing Administration, https://www.hud.gov/program_offices/housing/fhahistory (last visited on October 2, 2019).

FHA "is one of the largest insurers of mortgages in the world, insuring more than 46 million mortgages since its inception in 1934."[2]

27. The FHA provides incentives to private lenders to make loans to would-be homebuyers whose creditworthiness and inability to contribute a significant down payment make it difficult for them to obtain a home loan on reasonable terms.

28. To achieve that goal, "FHA mortgage insurance provides lenders with protection against losses if a property owner defaults on their mortgage. The lenders bear less risk because FHA will pay a claim to the lender for the unpaid principal balance of a defaulted mortgage."[3]

29. FMC is an FHA-approved lender.

30. As an FHA-approved lender, FMC must annually "acknowledge that the Mortgagee is now, and was at all times throughout the Certification Period, subject to all applicable HUD regulations, Handbooks, Guidebooks, Mortgagee Letters, Title I Letters, policies and requirements, as well as Fair Housing regulations and laws including but not limited to 24 CFR § 5.105, Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act) and Title VI of the Civil Rights Act of 1964."[4]

31. HUD's servicing requirements restrict the fees and charges that a servicer of FHA-insured loans may assess to the typically lower-income FHA borrower. HUD Handbook 4000.1: *Single-Family Housing Policy*, https://www.hud.gov/sites/documents/40001HSGH.PDF (last accessed by counsel on October 2, 2019) (the "HUD Handbook").

---

[2] *Id.*
[3] *Id.*
[4] *See*, FHA Lender Annual Certifications: Supervised and Nonsupervised Mortgagees, Changes Implemented 8/1/2016, https://www.hud.gov/sites/documents/SFH_COMP_SUPERNONSUPER.PDF (last visited on October 2, 2019).

32. Specifically, the HUD Handbook defines "Allowable Fees and Charges a[s] those costs associated with the servicing of the Mortgage that are permitted to be charged to the Borrower," and defines "Prohibited Fees and Charges a[s] those costs associated with the servicing of the Mortgage that may not be charged to the Borrower." HUD Handbook § III.A.1.f.i.

33. As explained in a previous HUD Handbook chapter, which remains in effect, a "mortgagee may be in violation of HUD regulations should it be collecting a fee (regardless of when the fee is actually collected) for," among other things, "a service which is not specifically authorized in" the HUD Handbook. HUD Handbook to Lenders 4330.1 REV-5, chapter 4-1.B, https://www.hud.gov/sites/documents/43301C4HSGH.PDF, (last accessed by counsel on October 2, 2019).

34. Nowhere in the HUD Handbook are Pay-to-Pay fees listed as a fee that a servicer may charge to a borrower.

35. Even were a servicer to receive authorization to charge a Pay-to-Pay fee, the charge to the borrower must be "based on actual cost of the work performed or actual out-of-pocket expenses"—in short, the servicer cannot charge such fees to create a profit center. HUD Handbook § III.A.1.f.ii.(A).

36. Based upon information and belief, the Pay-to-Pay fees that FMC charges borrowers exceed its out-of-pocket costs.

**FACTUAL ALLEGATIONS**

37. On or around August 25, 2016, the Urbinas took out a mortgage with FMC to finance their home in Bakersfield, Kern County, California.

38. The Urbinas' FMC loan number is ######3962.

39. During the year 2017, the Urbinas made several monthly mortgage payments online or over the phone.

40. FMC charged the Urbinas an additional fee of $15.00 each time they made their monthly mortgage payment online. This fee is not authorized by their Deed of Trust.

41. On information and belief, which can be confirmed by an examination of Defendant's records, FMC pays a third party significantly less than it charges borrowers to process online and phone payment transactions ("Pay-to-Pay transactions").

42. FMC's demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows FMC to collect Pay-to-Pay fees.

43. Indeed, Pay to Pay fees are prohibited by the Urbinas' Deed of Trust, which permits FMC to "collect fees and charges authorized by the Secretary [of Housing and Urban Development]." Ex. A at 11, ¶ 13.

44. As alleged above, FHA rules do not permit collecting Pay-to-Pay fees. Even if such fees were allowed, FHA rules permit passing along to borrowers only the lender's actual costs for offering the service. By collecting, and profiting from, Pay-to-Pay fees, FMC breached Paragraph 13 of the Urbinas' Deed of Trust.

45. FMC's demand for payment of Pay-to-Pay fees is also a direct breach of Paragraph 15 of the Deed of Trust: "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." *Id.* at ¶ 15. Federal debt collection law prohibits the collection of any amount incidental to the principal obligation unless that amount is *expressly* stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge, or expense incidental

to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added).  FMC's collection of Pay-to-Pay fees violated both the FDCPA and the Rosenthal Act.

46. FMC's demands for payment of Pay-to-Pay fees is a direct breach of Paragraph 13 of its Deed of Trust, "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph J as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* Exhibit A, ¶ 13.

47. By charging the Pay-to-Pay fees, FMC has breached the "Applicable Law" provision of its Deed of Trust.

48. By violating these provisions of its form contract, FMC has breached its contract on a class-wide basis.

49. Prior to filing this Complaint, the Urbinas made a written pre-suit demand upon FMC.

50. FMC was given a reasonable opportunity to cure its breaches described herein but failed to do so.

**CLASS REPRESENTATION ALLEGATIONS**

51. Plaintiffs, Neri Urbina and Leonila Urbina, bring this action under Fed. R. Civ. P. 23(b)(3) on behalf of the following class of persons, subject to modification after discovery and case development:

> All persons with a California address who paid a fee to FMC for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified.

COMPLAINT                                                    CASE NO.:

52. Class members are identifiable through Defendant's records and payment databases.

53. Excluded from the Class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

54. Plaintiffs propose that they serve as class representatives.

55. Plaintiffs and the Class have all been harmed by the actions of Defendant.

56. Numerosity is satisfied. According to FMC's servicing records there are likely thousands of class members. Individual joinder of these persons is impracticable.

57. There are questions of law and fact common to Plaintiffs and to the Class, including, but not limited to:

   a. Whether FMC violated the FDCPA by charging Pay-to-Pay fees not due;

   b. Whether FMC violated the Rosenthal Act by charging Pay-to-Pay fees not due;

   c. Whether FMC violated general provisions of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17000 *et. seq.*) by charging Pay-to-Pay fees not due;

   d. Whether FMC breached its Deeds of Trust by charging Pay-to-Pay fees not due;

   e. Whether FMC violated FHA servicing requirements by charging Pay-to-Pay fees;

   f. Whether FMC's costs for Pay-to-Pay transactions are less than the amount it charged to Plaintiffs and Class members for Pay-to-Pay fees;

   g. Whether Plaintiffs and Class members are entitled to actual damages as a result of Defendant's actions;

   h. Whether Plaintiffs and Class members are entitled to an injunction and restitution; and

       i.    Whether Plaintiffs and Class members are entitled to attorney's fees and costs.

58.    Plaintiffs' claims are typical of the claims of Class members. FMC charged Plaintiffs Pay-to-Pay fees in the same manner as the Class members. FMC entered into a contract with a third party to process the Plaintiffs' and Class members' Pay-to-Pay transactions. Plaintiffs and Class members entered into uniform covenants in their Deeds of Trust that prohibit Pay-to-Pay fees. Alternatively, if FMC is allowed under the Deed of Trusts to charge for Pay-to-Pay transactions as a default-related fee, such amounts are capped for Plaintiffs and Class members at the actual amounts disbursed by FMC for processing the Pay-to-Pay transactions.

59.    Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members and they will fairly and adequately protect the interests of the Class members. Plaintiffs have taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of Class members to protect the interests of the class.

60.    Plaintiffs have hired counsel that is skilled and experienced in class actions and is adequate class counsel capable of protecting the interests of the Class members.

61.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

62.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I: VIOLATION OF THE "UNLAWFUL" PRONG OF THE CALIFORNIA UNFAIR PRACTICES ACT § § 17000, 17200 *et. seq.* ("UCL")**

63.    Plaintiffs incorporate by reference paragraphs 1 through 62.

64.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

65. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

66. The Rosenthal Act applies to FMC because it regularly engages in debt collection within California. Cal. Civ. Code § 1788.2(c).

67. The Urbinas purchased their home by residential mortgage for personal, family, or household use and are persons who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

68. By collecting Pay-to-Pay fees from Plaintiffs and Class members, FMC collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement, in violation of the FDCPA.

69. The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, FMC also violated the Rosenthal Act.

70. Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiffs and Class members, FMC violated the Rosenthal Act's prohibition against "[c]ollecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

71. By assessing Pay-to-Pay fees, FMC represented to Plaintiff and Class members that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation.  These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees or charges may not legally be added to the existing obligation." Cal. Civ. Code § 1788.13(e).

72. FMC violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

73. As described in detail above, FMC's conduct described herein violates the FDCPA and the Rosenthal Act. These violations are sufficient to support Plaintiff's claim under the "unlawful" prong of the UCL.

74. Through its unlawful acts and practices, FMC has improperly obtained money from Plaintiffs and the Class members. As such, Plaintiffs request that the Court cause FMC to restore the money for Pay-to-Pay fees Plaintiffs and the Class members paid to FMC and to enjoin FMC from continuing its unlawful practices in the future. Otherwise, Plaintiffs and the Class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### COUNT II: BREACH OF CONTRACT

75. Plaintiffs incorporate by reference paragraphs 1 through 74.

76. On or about August 25, 2016, FMC and Plaintiffs entered into a Deed of Trust with respect to their home.

77. FMC's demand for payment of Pay-to-Pay fees violates servicing guidelines for FHA-insured loans, which are incorporated by reference in Paragraph 13 of Plaintiffs' standard FHA-insured Deed of Trust. FHA rules prohibit charging Pay-to-Pay fees. And even if such fees were permitted, FHA rules limit FHA-approved lenders and services to passing along to borrowers only their out-of-pocket costs for providing such services. FMC's charging, and profiting from, Pay-to-Pay fees breaches Paragraph 13 of Plaintiffs' standard FHA-insured Deed of Trust.

78. Moreover, FMC's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 15 of the Deed of Trust: "This Security Instrument shall be governed by Federal law

and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶ 15. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. ***See*** 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added). FMC's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

79. FMC's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 15 of its Deed of Trust, "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph J as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Ex. A, ¶ 15.

80. By charging the Pay-to-Pay fees, FMC has violated the "Applicable Law" provision, as defined by its Deed of Trust, and thus breached its contract.

81. Because these provisions are contained in the "Uniform Covenants" section, FMC has breached its contract on a class-wide basis.

82. The Urbinas and Class members have been harmed by these breaches.

**JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES**

83. Plaintiffs are entitled to and respectfully demand a trial by jury on all issues so triable.

84. Plaintiffs reserve the right to amend their Complaint and add a claim for punitive damages.

| COMPLAINT | CASE NO.: |
|---|---|

<u>Page **14** of **15**</u>

**RELIEF REQUESTED**

WHEREFORE Neri Urbina and Leonila Urbina respectfully request this Court enter judgment against Defendant for all of the following:

a. That the Urbinas and all Class members be awarded actual damages, including but not limited to all fees improperly charged, and forgiveness of all amounts not properly owed;

b. That FMC restore to the Urbinas and all Class members monies it improperly collected in Pay-to-Pay fees;

c. That the Court enjoin Defendant from further violations of California law by charging illegal Pay-to-Pay fees to Plaintiffs, Class members, and the public;

d. That the Urbinas and Class members be awarded costs and attorney's fees; and

e. That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

f. That the Court certify the Urbinas' claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

g. Such other and further relief as the Court may deem just and proper.

Dated: October 16, 2019          Respectfully Submitted,

                                                      */s/ Hank Bates*
Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

COMPLAINT                                          CASE NO.: