Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*Pro Hac Vice*)
rpulliam@cbplaw.com
Lee Lowther (*Pro Hac Vice*)
llowther@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201
Tel. 501-312-8500
Fax 501-312-8505

Bernard Charles Barmann, Jr. (SBN 149890)
bbarmann@kuhsparkerlaw.com
KUHS & PARKER
1200 Truxtun Avenue, Suite 200
Bakersfield, CA 93301
Tel. (661) 322-4004
Fax (661) 322-2906

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERI URBINA and LEONILA URBINA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | Case No. 1:19-cv-01471-LJO-JLT<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FREEDOM MORTGAGE CORPORATION'S MOTION TO STAY**<br><br>Date:     January 22, 2020<br>Time:    8:30 a.m.<br>Ctrm:    4<br>Judge:  Lawrence J. O'Neill<br><br>Date Action Filed: October 16, 2019 |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

I.  INTRODUCTION ........................................................................................................ 1

II. LEGAL STANDARD .................................................................................................. 2

III. ARGUMENT ................................................................................................................ 2

    A. No Overlap Exists Between Members of the Two Classes ................................ 2

    B. No Interest is Served by Staying This Action ..................................................... 5

IV. CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

**Case**                                                 **Page No.**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991)......................................................................................2

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017).........................................................................................1, 4

*Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi, Inc.*,
    787 F.3d 1237 (9th Cir. 2015)....................................................................................2

## I. INTRODUCTION

Defendant Freedom Mortgage Corporation's ("FMC") motion to stay needlessly seeks to postpone the resolution of this case in favor of a case in Texas (the "*Caldwell* action") that will not resolve any claim or issue in this action. Instead, *Caldwell* involves putative classes that do not overlap with the putative class in this action, and which classes bring claims under separate theories than those alleged here. As such, there is no possible outcome in the *Caldwell* action that will have any bearing on Plaintiffs' claims under California's Unfair Competition Law or California common law.

At the outset, Plaintiffs acknowledge a sliver of overlap existed between the class pleaded in this action and the FHA Pay-to-Pay Class pleaded in *Caldwell*. Since FMC filed its motion to stay, however, the *Caldwell* plaintiffs have eliminated even that sliver by agreeing to exclude class members with California mortgages from the proposed FHA Pay-to-Pay Class in that action.

In *Caldwell*, FMC has asserted that "the Court lacks personal jurisdiction over putative class members who are nonresidents of Texas," pursuant to *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1782 (2017). Ex. 1, Joint Rule 26(f) Report, at 3.[1] Because the Urbinas are now bringing the FHA breach-of-contract claims on behalf of California citizens in a Court that indisputably has jurisdiction to decide them, there is no reason to litigate jurisdictional issues on their behalves in Texas.[2] Thus, Plaintiffs have represented to FMC, and now represent to the Court, that no class sought in the *Caldwell* action will encompass the claims at issue here. Ex. 2, Letter of Dec. 18, 2019.

---

[1] Pinpoint citations to the record refer use the pagination stamped at the top of each page by the CM/ECF system.

[2] The *Caldwell* Plaintiffs continue to assert that that Court has jurisdiction over all putative class members in that action.

-1-

PLAINTIFFS' OPPOSITION TO MOTION TO STAY        CASE NO. 1:19-cv-01471-LJO-JLT

Moreover, by the time the Court holds a hearing on FMC's motion, Plaintiffs will have served their motion for class certification in *Caldwell* and FMC can confirm that no overlap exists between the putative classes in these actions. Thus, there is no possibility of conflicting opinions in these cases, and the interests of judicial efficiency and economy would be hindered by granting FMC's motion. Because there will be neither common parties nor issues when the Court decides this motion, FMC's motion to stay pursuant to the first-to-file rule should be denied.

## II.   LEGAL STANDARD

The first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." *Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). "Thus, a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id*. The chronology of the two actions is not in dispute here, as the *Caldwell* action was filed one month before the instant action. Like this case, the *Caldwell* matter is in its infancy. The determining factor in resolving this motion is whether the second and third factors are met – specifically whether the parties and issues before this Court are substantially similar to those in the *Caldwell* action to warrant staying this proceeding. The answer to both is no.

## III.   ARGUMENT

### A.   No Overlap Exists Between Members of the Two Classes

No overlap exists between the class members here and those in the *Caldwell* action. The class the Urbinas seek to represent is comprised of "[a]ll persons with a California address who paid a fee to FMC for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified." (ECF No. 1, ¶ 51.) The two causes of action in this case are a violation of the "unlawful" prong of the

-2-

California Unfair Competition Law and breach of contract. Only properties located in the state of California are at issue in this case.

The plaintiffs in *Caldwell* seek to represent the following two classes:

**The Texas Debt Collection Practices Act Class (the "TDCA Class")**

All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by FMC, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay- to-Pay fee.

**The FHA Pay-to-Pay Class (the "FHA Pay-to-Pay Class"):**

All persons in the United States (1) with an FHA-insured mortgage (2) originated or serviced by FMC (3) who were charged one or more Pay- to-Pay fee and (4) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar.

(ECF No. 23-1 at 52, ¶ 75.)

Plaintiffs acknowledge the overlap between the class pleaded in this action and the FHA Pay-to-Pay Class pleaded in *Caldwell*. Specifically, a small percentage of the class members in the *Caldwell* FHA Pay-to-Pay Class will have properties located in California and will also be members of the class pleaded in this action. That overlap, however, no longer exists.

In the *Caldwell* case, FMC has represented it will oppose the jurisdiction of the claims of all putative class members who are not residents of Texas. Ex. 1, Joint Rule 26(f) Report, at 3.[3] Because the Urbinas have filed claims on behalf of California citizens in a Court that indisputably has jurisdiction to decide those claims, there is no reason to litigate the personal jurisdiction issue in Texas related to the claims of California borrowers.

Accordingly, Plaintiffs' counsel informed counsel for FMC that the *Caldwell* plaintiffs will not seek to certify a class that includes claims arising from mortgages securing properties

---

[3] FMC argues in the *Caldwell* action that the court in Texas does not have jurisdiction over it for claims brought by California residents, while it argues in this matter that this court should stay the claims of California residents in favor of the Texas court.

-3-

located in California. In order to resolve this potential overlap after the Motion to Stay was filed, the *Caldwell* Plaintiffs sent a letter to FMC's counsel which stated, in part:

> [W]e represent to you—and will stipulate accordingly—that the FHA Pay-to-Pay Class that Plaintiffs move to certify in *Caldwell* will expressly exclude the claims of persons that arise from a security instrument on a property located in the State of California. Additionally, regardless of whether we enter a stipulation, we will represent as much to the *Urbina* Court in response to Freedom's motion to stay. Furthermore, the motion for class certification we serve on January 20, 2020, will reflect our representations in this letter.
>
> While we disagree that *Bristol-Myers Squibb* applies to absent class members, there is no reason to litigate that issue on behalf of California class members when they are adequately represented in a forum where the Court indisputably has personal jurisdiction over their claims.

Ex. 2, Letter of Dec. 18, 2019, at 2–3.

As stated in that letter, Plaintiffs' counsel now represents to the Court that the motion for class certification filed in *Caldwell* will exclude claims arising from mortgages securing properties located in the State of California. Moreover, two days before the hearing on this motion, the *Caldwell* plaintiffs will have served their motion for class certification on Defendant FMC, and all parties will be able to confirm no overlap exists.[4] Therefore, at the time this motion is heard, there will be no overlap at all between the putative classes in this case and the FHA Pay-to-Pay Class in the *Caldwell* action.

In short, no class member's claims pleaded in this lawsuit will be affected by the outcome of the *Caldwell* action. And *vice versa*, the claims pleaded on behalf of any member of the classes in *Caldwell* will not be affected by the outcome of this action. Because the claims of the putative classes are completely distinct, no reason exists to grant Defendant's motion to stay this action.

---

[4] The *Caldwell* Court's *Class Certification Scheduling Order* requires the party moving for class certification to serve their motion for class certification by January 20, 2020—but directs that Plaintiffs not file the motion with the court until class certification discovery and briefing are concluded. *See* Order at Exhibit 3.

### B.  No Interest is Served by Staying This Action

These actions are completely distinct from one another in the identity of both the named plaintiffs and putative classes. For purposes of a motion to stay, the only arguably relevant commonality is that FMC is a defendant in each. But there is no principle of law permitting a defendant to derail litigation under the laws of one state while it litigates claims involving different claims and different plaintiffs in another jurisdiction. While FMC no doubt wishes to postpone resolution of this action, there is no legal basis or compelling purpose for doing so – nor does FMC suggest any beyond the commonality that no longer exists.

Staying this case while the *Caldwell* action proceeds will not serve any legitimate interest. The issues to be decided in *Caldwell* are: (1) whether FMC violated a Texas debt-collection statute by collecting Pay-to-Pay fees; and (2) as the case has been narrowed, under the common law of states other than California, whether FMC violated the uniform covenants in FHA-insured mortgages by collecting those fees. Thus, the outcome in *Caldwell* will determine whether FMC violated Texas statutory law and the common law of states other than California. The issue of whether FMC violated *California* statutes and common law by charging Pay-to-Pay fees on mortgages securing property in California will be at issue in *this* case, but will not be resolved in *Caldwell*.[5] Thus, the issues in these actions are completely distinct. Granting Defendant's motion will in no way "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

### IV.   CONCLUSION

For all of the foregoing reasons, Plaintiffs Neri Urbina and Leonila Urbina respectfully

---

[5] The specific California statutes at issue are the UCL and the Rosenthal Act. The violation of the Rosenthal Act serves as the predicate "unlawful" act for Plaintiffs' UCL claim. Through amendment, Plaintiffs seek to add additional parties who will be bringing Rosenthal Act claims, in addition to breach-of-contract and UCL claims. (ECF No. 25-1, ¶¶ 82–90.) Nothing in the proposed Amended Complaint alters the analysis here.

request that the Court deny Defendant's motion to stay.

January 8, 2020                                   Respectfully Submitted,

                                       */s/ Lee Lowther*
Hank Bates (SBN 167688)
hbates@cbplaw.com
Randall K. Pulliam (*Pro Hac Vice*)
rpulliam@cbplaw.com
Lee Lowther (*Pro Hac Vice*)
llowther@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. (501) 312-8500
Fax (501) 312-8505

Bernard Charles Barmann, Jr. (SBN 149890)
bbarmann@kuhsparkerlaw.com
Kuhs & Parker
1200 Truxtun Avenue, Suite 200
Bakersfield, CA 93301
Tel. (661) 322-4004
Fax (661) 322-2906