UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NERI URBINA and LEONILA URBINA, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | No. 1:19-cv-01471-NONE-JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE AS MOOT<br><br>(Doc. Nos. 20, 23) |

Plaintiffs Neri Urbina and Leonila Urbina filed this class action lawsuit, on behalf of themselves and all others similarly situated, against defendant Freedom Mortgage Corporation alleging it charged unauthorized fees in connection with a home mortgage in violation of California law. (Doc. No. 1, Complaint.) Plaintiffs assert the court has federal subject matter jurisdiction under the Class Action Fairness Act, which defendant does not contest. (*See id.* ¶ 6.) Currently pending before the court is defendant's motion to dismiss the complaint in its entirety for failure to state a claim (Doc. No. 20) and defendant's motion to stay pursuant to the "first-to-file" rule (Doc. No. 23.) For the reasons discussed below, defendant's motion to stay will be granted and defendant's motion to dismiss will be denied without prejudice as moot.

/////

1

**BACKGROUND**

**A.     This Litigation**

In 2016, plaintiffs obtained a loan from defendant to finance their home in Bakersfield, California. (Compl. ¶ 37.) In connection with the loan, plaintiffs signed a deed of trust ("Deed of Trust") setting forth the parties' obligations with respect to plaintiffs' home loan. (Doc. No. 1-1.) Throughout 2017, plaintiffs made several monthly mortgage payments over the phone and online. (Compl. ¶ 39.) Each time plaintiffs made their payments online, however, they were charged a $15 fee ("Pay-to-Pay fees"). (*Id.* ¶ 40.) Plaintiffs' complaint alleges a violation of California's Unfair Competition Law ("UCL") and a claim for breach of contract. (*Id.*) The first claim alleges that defendant's Pay-to-Pay fees violate California's Rosenthal Act and the federal Fair Debt Collection Practices Act ("FDCPA"), which in turn violates the "unlawful" prong of the UCL. (*Id.* ¶¶ 69–72.) Plaintiffs' second claim alleges that Pay-to-Pay fees amount to a breach of the Deed of Trust, which incorporates the Federal Housing Authority's Servicing Guidelines ("FHA Guidelines"), the Rosenthal Act, and the FDCPA as substantive terms of the contract. (*Id.* ¶¶ 77–79.) Plaintiffs purport to represent the following proposed class members:

> All persons with a California address who paid a fee to FMC for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified.

(*Id.* ¶ 51.)

**B.     The Texas Litigation**

Defendant requests the court to take judicial notice of a class action complaint filed against it in the Northern District of Texas (the "Texas case"). (Doc. No. 23-1) (citing *Caldwell v. Freedom Mortgage Corp.*, No. 19-2193 (N.D. Tex. filed Sept. 13, 2019).) In the amended complaint in the Texas case, the named plaintiffs assert claims under the Texas Debt Collection Act ("TDCA") and for breach of contract against defendant for similar Pay-to-Pay fees. (Doc. No. 23-1 at 55–57.) The named plaintiffs in the Texas case—who are different from the named plaintiffs in this action—purport to represent two classes. First, they seek to represent the TDCA class, which is defined as:

> All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by FMC, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

(*Id.* at 52.) Second, the named plaintiffs in the Texas case seek to represent the FHA Pay-to-Pay class, which is defined as:

> All persons in the United States (1) with an FHA-insured mortgage (2) originated or serviced by FMC (3) who were charged one or more Pay-to-Pay fee and (4) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar.

(*Id.*) Moreover, defendant requests the court to take judicial notice of other documents filed in the Texas case, including pro *hac vice* applications, a class certification scheduling order, and a joint report pursuant to Federal Rule of Civil Procedure 26(f). (Doc. No. 33 at 2.)

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1133 (9th Cir. 2012) (explaining courts "may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts"). Therefore, the court will take judicial notice of the existence of the filings in the action pending in the U.S. District Court for the Northern District of Texas because they are relevant to adjudicating defendant's motion to stay.[1]

## LEGAL STANDARD

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The first-to-file

---

[1] In opposing the motion to stay, plaintiffs submit a letter sent by their counsel to defense counsel, after defendant filed its motion to stay in this case, stating plaintiffs intended to eliminate any California residents from the case pending in Texas. (Doc. No. 26-2.) Because it is relevant to the motion to stay pending before this court, and because defendant does not dispute its authenticity, the court will take judicial notice of the content of that letter for the limited purpose of establishing that plaintiffs have stated their intent to eliminate California residents from the class to be certified in the case pending in the Northern District of Texas. *See* Fed. R. Evid. 201(c)(1) (stating "[t]he court . . . may take judicial notice on its own").

rule is a "generally recognized doctrine of federal comity," *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982), intended "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). District courts may stay, dismiss, or transfer an action if the same parties and issues are litigating in a different district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). In determining whether the rule applies, a court must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp.*, 787 F.3d at 1240. The parties and issues need not be identical, only "substantially similar." *See id.*

"The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Adoma v. Univ. of Pheonix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (quoting *Alltrade*, 946 F.2d at 628). Nonetheless, the rule "should not be disregarded lightly." *Kohn Law Grp.*, 787 F.3d at 1240 (quoting *Alltrade,* 946 F.2d at 625).

**DISCUSSION**

Defendant urges the court to stay this lawsuit under the first-to-file rule until the Texas case is resolved because the chronology of the lawsuits, similarity of the parties, and similarity of the issues all weigh in favor of a stay. (Doc. No. 23 at 5, 8.) The court agrees. First, there is no dispute that the chronology of the two lawsuits weighs in favor of a stay of this action because the Texas case was filed on September 13, 2019, about a month before this case was filed on October 16, 2019).

However, plaintiffs and defendant disagree over whether the parties and issues in this case are sufficiently similar to the Texas case to justify the granting of a stay under the first-to-file rule. With respect to the identity of the parties, Freedom Mortgage Corporation is the sole defendant both in this case and the Texas case. Therefore, the only relevant question is whether the plaintiffs in both lawsuits are substantially similar. In the context of class actions, "the classes, and not the class representatives, are compared." *Adoma*, 711 F. Supp. 2d at 1147.

4

"Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013); *see Adoma*, 711 F. Supp. 2d at 1148 (determining the proposed classes were "substantially similar in that both classes seek to represent at least some of the same individuals"). As plaintiffs concede, there is some overlap between the proposed class in this lawsuit and the FHA proposed class in the Texas case. (Doc. No. 26 at 6.) Specifically, the proposed FHA class in the Texas case does not limit its class members to individuals who purchased property in Texas, meaning the proposed FHA class in the Texas case will encompass individuals who purchased property in California and who are members of the proposed class in this case. (*Compare* Doc. No. 23-1 at 52, *with* Compl. ¶ 51.) While there are proposed class members in this case that are not represented in the Texas case, and vice versa, "some" overlap exists with the proposed FHA class in the Texas case and the plaintiffs in this case who similarly allege breaches of their deeds based on FHA guideline violations with respect to properties located in California. *See Adoma*, 711 F. Supp. 2d at 1148. As a result, consideration of the second factor also weighs in favor of the granting of a stay.[2] The third factor, similarity of the issues, "does not require total uniformity of claims but rather focuses on the underlying factual allegations." *Int'l Aero Prods., LLC v. Aero Advanced Pain Tech., Inc.*, 325 F. Supp. 3d 1078, 1088 (C.D. Cal. 2018). Here, the underlying factual allegations at issue in this case and in the Texas case centers on whether defendant's use of Pay-to-Pay fees are prohibited by contract and/or law. (*Compare* Compl. ¶ 1, *with* Doc. No. 23-1 at 40–41.) Therefore, consideration of this factor also weighs in favor of a stay.

"A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity[.]" *Wallerstein*, 967 F. Supp. 2d at 1293. "Exceptions to the first-to-file rule include where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping." *Id.*

---

[2] As mentioned, plaintiffs have articulated an intent to omit California residents from the proposed FHA class in the Texas case. (Doc. Nos. 26 at 6–7; 26-1 at 3.) However, "[s]ubstantial similarity of the parties is determined by comparing the proposed classes as they currently stand." *Wilkie v. Gentiva Health Servs., Inc.*, No. 10–1451 FCD, 2010 WL 3703060, *3 (E.D. Cal. Sept. 16, 2010). Therefore, the court looks to the pleadings as they currently stand, not at plaintiffs' future intentions.

5

None of these exceptions apply here, and plaintiffs do not argue otherwise. Because all three factors favor a stay, and because no equitable exceptions apply, staying this action is proper under the first-to-file rule.

Finally, defendant appears to seek a stay until the case pending in the Northern District of Texas is completely resolved. (Doc. No. 23 at 8:16–18.) The court cannot determine at this time how long the stay of this action should remain in effect. At the very least, the court will stay this action until the scope of the class in the Texas case is resolved. Notably, the U.S. District Court for the Northern District of California has stayed a third lawsuit, filed after this action was commenced, against defendant in which the allegations are practically the same as those advanced here and in the Texas case. *See Lee v. Freedom Mortgage Corp.*, No. 20-cv-01970-JSW (N.D. Cal. July 6, 2020), ECF No. 30. There, the court permitted plaintiffs to petition to lift the stay based on future developments in the Texas case. *Id.* The court will afford plaintiffs the same opportunity here. Plaintiffs may move to lift the stay in this case based on developments in the Texas case impacting the status of the California class members in that litigation.

## CONCLUSION

Accordingly:

1. Defendant's motion to stay (Doc. No. 23) is granted;
2. Defendant's motion to dismiss (Doc. No. 20) is denied without prejudice; and
3. The parties are directed to file a status report every 120 days in this case.

IT IS SO ORDERED.

Dated: __**July 21, 2020**__   _____
UNITED STATES DISTRICT JUDGE