1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NERI URBINA and LEONILA URBINA,            No.  1:19-cv-01471-NONE-JLT
     on behalf of themselves and all others
12   similarly situated,

13                  Plaintiffs,                  ORDER GRANTING PLAINTIFFS' MOTION
                                                 TO LIFT STAY
14          v.
                                                 (Doc. No. 55)
15   FREEDOM MORTGAGE
     CORPORATION,
16
                    Defendant.
17

18

19          On July 21, 2020, the court granted defendant Freedom Mortgage Corporation's motion to

20   stay this case pursuant to the first-to-file rule because an earlier class action was filed in the

21   Northern District of Texas ("the Texas case") involving substantially similar parties and issues.

22   (Doc. No. 54.)  The court stated at that time that "[p]laintiffs may move to lift the stay in this case

23   based on developments in the Texas case impacting the status of the California class members in

24   that litigation."  (*Id.* at 6.)  Currently pending before the court is plaintiffs' motion to lift the stay.

25   (Doc. No. 55.)  Defendant opposes the motion.  (Doc. No. 56.)  For the reasons discussed below,

26   the court grants plaintiffs' motion and will lift the stay previously issued in this case.

27   /////

28   /////

                                                    1

**BACKGROUND**

**A.    This Litigation**

In 2016, plaintiffs obtained a loan from defendant to finance their home in Bakersfield, California.  (Doc. No. 1, Complaint, ¶ 37.)  In exchange for the loan, plaintiffs signed a deed of trust ("Deed of Trust") setting forth the parties' obligations with respect to plaintiffs' home loan. (Doc. No. 1-1.)  Throughout 2017, plaintiffs made several monthly mortgage payments over the phone and online.  (Compl. ¶ 39.)  Each time plaintiffs made their payments online, however, they were charged a $15 fee ("Pay-to-Pay fees").  (*Id.* ¶ 40.)  Plaintiffs' complaint alleges a violation of California's Unfair Competition Law ("UCL") and a claim for breach of contract. (*Id.*)  The first claim alleges that Pay-to-Pay fees violate California's Rosenthal Act and the federal Fair Debt Collection Practices Act ("FDCPA"), which in turn violates the "unlawful" prong of the UCL.  (*Id.* ¶¶ 69–72.)  Plaintiffs' second claim alleges that Pay-to-Pay fees amount to a breach of the Deed of Trust, which incorporates the Federal Housing Authority's Servicing Guidelines ("FHA Guidelines"), the Rosenthal Act, and the FDCPA as substantive terms of the contract.  (*Id.* ¶¶ 77–79.)  Plaintiffs purport to represent the following proposed class members:

> All persons with a California address who paid a fee to FMC for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified.

(*Id.* ¶ 51.)

**B.    The Texas Litigation**

Defendant has also been sued in the Texas case:  *Caldwell v. Freedom Mortgage Corp.*, No. 19-2193 (N.D. Tex. filed Sept. 13, 2019).  (Doc. No. 23-1.)  In the amended complaint filed in that Texas case, the named plaintiffs assert claims under the Texas Debt Collection Act ("TDCA") and for breach of contract against defendant for charging similar Pay-to-Pay fees. (Doc. No. 23-1 at 55–57.)  The named plaintiffs in the Texas case—who are different from the named plaintiffs in this action—purport to represent two classes.  First, they seek to represent the TDCA class, which is defined as:

/////

2

1

2   All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by FMC, (3) who were charged one or more Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

3

4   (*Id.* at 52.)  Second, the named plaintiffs in the Texas case sought to represent the FHA Pay-to-

5   Pay class, which is defined as:

6   All persons in the United States (1) with an FHA-insured mortgage (2) originated or serviced by FMC (3) who were charged one or more Pay-to-Pay fee and (4) whose mortgages provide the "Lender may collect fees or charges authorized by the Secretary," or language substantially similar.

7

8

9   (*Id.*)

10   **C.      Order Staying This Case and Subsequent Developments In The Texas Case**

11          On July 21, 2020, the court stayed this case pursuant to the first-to-file rule in favor of the

12   Texas case.  (Doc. No. 54.)  In issuing that stay, the court noted that there was overlap between

13   the putative class in this case and one of the putative classes in the Texas case.  (*Id.* at 5.)

14   Specifically, this court stated that

15          the proposed FHA class in the Texas case does not limit its class members to individuals who purchased property in Texas, meaning the proposed FHA class in the Texas case will encompass individuals who purchased property in California and who are members of the proposed class in this case. . . . While there are proposed class members in this case that are not represented in the Texas case, and vice versa, "some" overlap exists with the proposed FHA class in the Texas case and the plaintiffs in this case who similarly allege breaches of their deeds based on FHA guideline violations with respect to properties located in California.

16

17

18

19

20

21   (*Id.* (citations omitted).)  The court concluded, at that point, the underlying factual allegations at

22   issue in both cases were similar as well.  (*Id.*)  Accordingly, the court entered a stay but allowed

23   plaintiffs to move to lift the stay "based on developments in the Texas case impacting the status

24   of California class members in that litigation."  (*Id.*)

25          On August 14, 2020, the district court in the Texas case dismissed plaintiffs' claim for

26   breach of contract brought in that action.  *Caldwell v. Freedom Mortg. Corp.*, No. 3:19-CV-2193-

27   N, 2020 WL 4747497 (N.D. Tex. Aug. 14, 2020).  In their breach of contract claim the *Caldwell*

28   plaintiffs alleged that their deeds incorporated FHA Guidelines as contractual terms and that

1    defendant violated FHA Guidelines by charging Pay-to-Pay fees, thereby breaching the deed. *Id.*

2    at \*2. Thus, the viability of the FHA Pay-to-Pay class in that case turned on the plaintiffs' breach

3    of contract claim. Without a breach of contract claim, there were no violations of the FHA

4    Guidelines. However, the district court in the *Caldwell* case dismissed the breach of contract

5    claim, and the FHA Pay-to-Pay class in the process, based upon binding Fifth Circuit precedent

6    that, presumably under Texas contract law, FHA or "HUD regulations do not give the borrower a

7    private cause of action unless the regulations are expressly incorporated into the lender-borrower

8    agreement." *Id.* (quoting *Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 196 (5th Cir.

9    2016)). As the district court in *Caldwell* explained, the Fifth Circuit decision "determined that

10   HUD regulations were not incorporated into a contract where there was no 'evidence that the

11   parties intended to incorporate into the [mortgage] the *specific HUD term* at issue.'" (*Id.* (citation

12   omitted).) Because the deeds alleged by the plaintiffs in *Caldwell* did not specifically incorporate

13   the FHA Guidelines at issue, the district court dismissed their claim for breach of contract

14   premised on those regulations. *Id.* However, the district court in *Caldwell* did conclude that the

15   plaintiffs had plausibly alleged a TDCA claim, and the TDCA class therefore survived in that

16   action. *Id.* at \*4.

17          **D.      The Court Will Take Judicial Notice of Certain Federal Court Filings**

18          At the outset, the parties have requested that this court take judicial notice of various

19   documents. (Doc. Nos. 57, 59.) Defendant requests that the court take judicial notice of two

20   declarations filed in a case brought in the Southern District of Florida—a case that does not

21   involve any of the parties in this action. (Doc. No. 57.) Instead, those declarations generally

22   indicate that plaintiffs' counsel in this case is litigating a large number of Pay-to-Pay-fee lawsuits

23   across the country. (*See generally id.*) Plaintiffs request that the court take judicial notice of a

24   document filed in the in the *Caldwell* case pending before the U.S. District Court in the Northern

25   District of Texas. (Doc. No. 59.) Specifically, plaintiffs request that this court take judicial

26   notice of the answer filed by defendant in *Caldwell* after the court in that case dismissed the

27   plaintiffs' breach of contract claim. (Doc. No. 58-1.) In that answer, defendant responded to

28   each allegation pertaining to plaintiffs' breach of contract claim, stating as follows:

4

> On August 14, 2020, the Court granted Freedom's motion to dismiss Plaintiffs' breach of contract claim based on an alleged violation of the rules and regulations promulgated by HUD and, therefore, no response is required to the allegations in [this paragraph].

(Doc. No. 58-1 at 12.)  Defendant repeated this response 10 times in its answer and therefore did not substantively respond to any of the plaintiffs allegations pertaining to their breach of contract claim.  (*Id.* at 11–13.)  Similarly, in answering the allegations made by the FHA Pay-to-Pay class plaintiffs, defendant answered as follows in the *Caldwell* case:

> Freedom states that any allegations related to the putative "FHA Pay-to-Pay Class" are irrelevant and Plaintiffs lack standing to pursue the claims, as the Court has dismissed Plaintiffs' claim for breach of contract.

(*Id.* at 10.)

The Federal Rules of Evidence provide that a "court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned."  Fed. R. Evid. 201(b).  As the rule states, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  At the parties' request, the court will take judicial notice of the existence of the documents in question because they satisfy the requirements of Rule 201.

## LEGAL STANDARD

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  The first-to-file rule is a "generally recognized doctrine of federal comity," *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982), intended "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).  District courts may stay, dismiss, or transfer an action if the same parties and issues are litigating

in a different district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). In determining whether the rule applies, a court must consider the "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp.*, 787 F.3d at 1240. The parties and issues need not be identical, but are only required to be "substantially similar." *See id.*

"The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Adoma v. Univ. of Phoenix*, *Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (quoting *Alltrade*, 946 F.2d at 628). Nonetheless, the rule "should not be disregarded lightly." *Kohn Law Grp.*, 787 F.3d at 1240 (quoting *Alltrade*, 946 F.2d at 625).

## DISCUSSION

While consideration of the first factor–the chronology of the lawsuits–still weighs in favor of a stay because the Texas case was filed before this action, consideration of the other two factors–the similarity of the parties and the issues–weighs in favor of now lifting the stay of this action in light of the recent dismissal of the plaintiffs' FHA Pay-to-Pay class claims by the U.S. District Court for the Northern District of Texas in the *Caldwell* case.

"Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013); *see also Adoma*, 711 F. Supp. 2d at 1148 (determining the proposed classes were "substantially similar in that both classes seek to represent at least some of the same individuals"). In this case, plaintiffs seek to represent a class of individuals with a "California address" who "paid a fee" in violation of either their deeds or the UCL. (Compl. ¶ 51.) Plaintiffs in the present case have alleged that their deeds incorporate the FHA Guidelines as enforceable terms to a contract. (*Id.* ¶ 77.) Thus, the proposed class here attempts to represent individuals who were subject to Pay-to-Pay fees in violation of FHA Guidelines, and thus in violation of their deeds—so long as those individuals had a "California address." (*See id.* ¶¶ 51, 77.) Prior to the issuance of the dismissal order in *Caldwell*, the FHA Pay-to-Pay class in the Texas case sought to represent individuals with deeds

6

that allegedly incorporated FHA Guidelines into them and who were subject to Pay-to-Pay fees. (*See* Doc. No. 23-1 at 52.)  Critically, the Pay-to-Pay class in the Texas case did not exclude individuals with a California address, and instead provided no geographical limitation with respect to its proposed class.  (*Id.*)  In other words, the Pay-to-Pay class in the Texas case sought to represent "some" members of the putative class members in this case.  *See Wallerstein*, 967 F. Supp. 2d at 1296.  However, the district court in the Texas case dismissed the plaintiffs' breach of contract claim, and in so doing, dismissed the FHA Pay-to-Pay class.  Because the district court in the Texas case concluded that the deeds at issue in that case did not incorporate FHA Guidelines, the FHA Pay-to-Pay class in that case was left with no claim.  Therefore, the FHA Pay-to-Pay class in the Texas case can no longer purport to represent any individuals, in California or otherwise.  Additionally, there was never any overlap between the class members in the other putative class in the Texas case—the TDCA class—and the putative class alleged in this action because the TDCA class expressly limited its definition to those individuals "with a Security Instrument on property located in the State of Texas," whereas the class in this case purports to represent individuals with a "California address."  (*Compare* Compl. ¶ 51, *with* Doc. No. 23-1 at 52.)  Therefore, the only overlap between this case and the Texas that existed at one point— individuals who signed deeds that purportedly incorporated FHA Guidelines as enforceable terms of a contract—no longer exists.  Accordingly, there is no overlap between the parties and the second factor under the first-to-file rule no longer counsels in favor of staying this action.

Second—although arguably a somewhat close call—the court concludes that this action and the Texas case can no longer be fairly said to involve "substantially similar" issues.  *Kohn Law Grp.*, 787 F.3d at 1240.  The conduct at issue in this litigation and the Texas case focuses, at a general level, on defendant's use of Pay-to-Pay fees.  (*Compare* Compl. ¶ 1, *with* Doc. No. 23-1 at 40–41.)  However, that is where the similarities between the two cases end.  Importantly, FHA Guidelines are no longer at issue in the Texas case, whereas they remain at issue in this case at this time.  The only remaining claim in the Texas case is for violations of the TDCA.  The TDCA claim, which is premised on that statute's unique elements, does not overlap with the UCL claim asserted in this litigation, which is premised on California's Rosenthal Act and the FDCPA.

1   (*Compare* Compl. ¶¶ 63–74, *with* Doc. No. 23-1 at 55–56.)  In its reply in support of the original

2   motion to stay, defendant argued that a substantial similarity of issues exists with respect to the

3   TDCA and the Rosenthal Act because they both largely depend on the alleged FDCPA violations.

4   (Doc. No. 32 at 11.)  While that might be true, in neither case is there a claim asserted directly

5   under the FDCPA.  Moreover, there are differences between the federal and respective state laws,

6   including for example the Rosenthal Act's application to a broader group of "debt collectors"

7   than the FDCPA.  *See Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 304 (2018).  Further,

8   plaintiffs assert violations of the Rosenthal Act independent of the FDCPA, meaning plaintiffs

9   may have a claim under the Rosenthal Act even if they cannot show a violation of the FDCPA.

10  (*See* Compl. ¶¶ 70–71.)  Again, although there may be some similarity of issues between this

11  action and the Texas case, the court does not find the cases to be "substantially similar" enough to

12  justify leaving the stay in this case in effect.  *See Gardner v. GC Servs., LP*, No. 10-CV-997-

13  IEG, 2010 WL 2721271, at *7 (S.D. Cal. July 6, 2010) ("[I]n light of the distinct California state

14  claims raised and relief requested in [this] action, the application of the 'first-to-file' rule would

15  not result in any significant conservation of judicial resources.").  For these reasons, consideration

16  of the third and final factor under the first-to-file rule weighs in favor of lifting the stay previously

17  imposed in this action.

18          Defendant argues that lifting the stay in this case now would be premature.  Because the

19  plaintiffs in the Texas case "may ultimately appeal [the dismissal] ruling," defendant argues the

20  principles behind the first-to-file rule weigh in favor of a stay of this action until the Texas case is

21  "fully resolved."  (Doc. No. 56 at 3.)  The sole case cited by defendant in support of this argument

22  is not persuasive.  In that case, the only plaintiff in both cases filed an earlier suit against two

23  defendants in Florida which was removed to federal court there, and a second suit against one of

24  those defendants in Pennsylvania which was removed to federal court.  *Se. Power Grp., Inc. v.*

25  *SAP Am., Inc.*, No. 2:20-cv-00398-JMG, 2020 WL 4805352, at *1–2 (E.D. Pa. Aug. 18, 2020).

26  The first-filed suit was dismissed by the district court on *forum non conveniens* grounds.  *Id.* at

27  *1.  The plaintiffs appealed from that dismissal to the Eleventh Circuit, the briefing of which was

28  already underway when the plaintiff filed the second lawsuit in Pennsylvania.  *Id.*  Because the

8

plaintiff and defendant in the second-filed suit were also the plaintiff and a defendant in the first-filed suit, and because the two actions appeared to have involved the exact same transaction, the district court in the second-filed suit entered a stay pending resolution of the appeal before the Eleventh Circuit.  *Id.* at *4 ("The immediate result of [a reversal by the Eleventh Circuit] would be that the court in which this matter was first filed would have before it *the same parties and issues* at the same stage of litigation as this Court of equal jurisdiction.").  Moreover, the court went onto state that the plaintiff there represented to the court "that there was a strong likelihood of reversal[.]"  *Id.*  Thus, the court concluded that "[t]his weighs in favor of applying the first-filed rule and implementing a stay."  *Id.*  The circumstances before this court are quite different.  First, there is no overlap of plaintiffs whatsoever between this case and the Texas case.  This is not a situation involving two of the same companies litigating against each other in two separate lawsuits.  Second, this case does not involve the "same transaction, agreement, or encounter" which appeared to be at issue in *Southeast Power*.  *See* 2020 WL 4805352, at *2; *id.* at *5 ("the issue still concerns installation of SAP's 'Business One Enterprise Resource Planning' software product by Vision 33.").  Third, while it is true that the plaintiffs in the Texas case may appeal from the dismissal of their breach of contract claim, after reviewing the Fifth Circuit decision relied upon by the district court in support of dismissal, this court is not convinced such an appeal would be successful.  The dismissal in the Texas case was based on what—at first glance— appears to be controlling, on-point, and recently decided Fifth Circuit precedent interpreting Texas contract law.  *Caldwell*, 2020 WL 4747497, at *2.  Therefore, the court does not find the remote possibility of a successful appeal to weigh in favor of maintaining the stay of this action.

Defendant also argues that the stay is still appropriate because, technically, the allegations of the complaint in the Texas case still incorporate California residents.  (Doc. No. 56 at 3.)  However, the first-to-file rule is not a "rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter Sys.*, 678 F.2d at 95.  In any event, "other district courts have upheld the tenet that substantial similarity between parties (in the context of the first-to-file rule) should be based upon the *current* parties rather than those initially set forth in the complaint."  *Dubee v. P.F. Chang's China Bistro,*

9

1    *Inc.*, No. C 10–01937 WHA, 2010 WL 3323808, at *2 (N.D. Cal. Aug. 23, 2010) ("Looking at

2    the current plaintiffs in both the instant action and [the other action], there is no overlap.").

3    Finally, the court notes that in the Texas case, defendant declined to answer plaintiffs' allegations

4    regarding the breach of contract claim and the FHA Pay-to-Pay class, expressly citing to the

5    *Caldwell* court's dismissal order.  (Doc. No. 58-1 at 10–13.)  This court therefore rejects

6    defendant's argument that the focus should be on the parties as pled in the complaint irrespective

7    of later developments.

8           For the reasons stated above, the stay of this action pursuant to the first-to-file rule is no

9    longer warranted and the court therefore lifts that stay entered on July 21, 2020.  (*See* Doc. No.

10   54.)

11                                    **CONCLUSION**

12       Accordingly:

13       1.   Plaintiffs' motion to lift the stay (Doc. No. 55) is granted;

14       2.   The court's order entering a stay in this action (Doc. No. 54) is lifted; and

15       3.   Defendant is ordered to respond to the complaint within 21 days from the date of this

16            order.

17   IT IS SO ORDERED.

18       Dated:   __**November 13, 2020**__                    _____

19                                                   UNITED STATES DISTRICT JUDGE